# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

CHARNESIA ALEXANDER,

    Plaintiff,

v.

UNITED STATES OF AMERICA and
PAUL ROLSTON,

    Defendants.

CIVIL ACTION

Case No. 19:4-cv-138

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendants and alleges as follows:

### Jurisdiction

1. This Court has jurisdiction of this action under 28 U.S.C. §§1331 and 1346 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1972) and 28 U.S.C. §2671, et. seq., Federal Tort Claims Act.

2. Plaintiff filed a claim under the Federal Tort Claims Act July 2, 2018 (attached as Exhibit A), which has not been honored.

3. Plaintiff has exhausted her administrative remedies and obtained the relief that the administrative remedies could afford.

4. Plaintiff has otherwise performed all acts precedent to bringing this suit or such acts have been waived.

## Parties

5. At all times material hereto, Plaintiff CHARNESHA ALEXANDER was a federal prisoner confined in FCI Tallahassee, in Tallahassee, Florida, which facility is within the Northern District of Florida.

6. At all times material hereto, Defendant PAUL ROLSTON was a Physicians' Assistant at FCI Tallahassee, which facility is within the Northern District of Florida. Defendant Rolston acted in the course and scope of his employment.

7. At all times material hereto, Defendant UNITED STATES OF AMERICA owned and operated a corrections facility known as FCI Tallahassee and were the employers of Defendant ROLSTON.

## Common Allegations of Fact

1. In 2016, Charnesha Alexander was a federal prisoner confined at Federal Correctional Institution (FCI) Tallahassee in Tallahassee, Florida.

2. On September 27, 2016, Charnesha Alexander was called to the office of Physician Assistant Paul Rolson's office for a Pap smear.

3. Defendant Paul Rolston was a Physician's Assistant at FCI Tallahassee with a responsibility to provide medical care for federal inmates.

4. Ms. Alexander informed the nurse, Mrs. Davis, that her menstrual cycle was on and asked to reschedule the visit, but Rolston declined to reschedule.

5. During the examination, Rolston rubbed the lips of Ms. Alexander's vagina

from top to bottom, rubbed her clitoris and put two fingers in of her vagina.

6. Rolston then rubbed Ms. Alexander's clitoris again, thrust his fingers back into her vagina and pressed on her stomach asking her if she felt pain.

7. Rolston manipulated Ms. Alexander's clitoris very deliberately, leaving no doubt that his actions constituted a sexual assault, not medical care.

8. Rolston then told Ms. Alexander that he needed to do a breast exam, but by this time, Ms. Alexander was very alarmed, and she refused.

9. Claimant began crying during Rolston's examination and complained to the nurse, Ms. Davis, who told her to complaint to Rolston, but she was afraid.

10. Plaintiff reported this misconduct immediately to security officers.

11. Ms. Alexander was taken to see SIS and the Warden and told them everything that happened and was taken for a rape exam.

12. Rolston has done the same thing to other women at FCI Tallahassee, but complaints about Rolston had no effect on prison authorities.

13. Rolston had a practice of sexually abusing female inmates at FCI.

14. Rolston used his job and FCI resources to target women for sexual abuse.

15. As a prisoner, Ms. Alexander was unable to resist this predatory behavior.

16. Discovery will show that officials at FCI Tallahassee were aware of Rolston's sexual predations and enabled and covered for them.

17. Alexander told prison officials that Rolston had sexually abused her, but at

that time, she did not realize how she had been targeted by him.

18. The acts of the Defendant Rolston violated Plaintiff's constitutional rights, were wrongful as a matter of both federal and Florida law and without justification under any applicable federal statute or rule.

19. Defendant Rolston was acting within the course and scope of his employment at the time of the wrongful acts.

20. FCI Tallahassee had an informal policy of turning a blind eye to abuse.

21. FCI officials enabled and abetted Rolston in his sexual predation.

22. FCI officials failed to timely implement PREA regulations.

23. Because of the Defendants' wrongful acts, Plaintiff has suffered physical injury and emotional distress and is entitled to damages.

## Causes of Action

### I.  Cruel and Unusual Punishment (*Bivens*) Rolston

24. Plaintiff Alexander is entitled to relief against Rolston because he violated her Eighth Amendment rights through coercive sexual acts involving sexual penetration, more fully set out in the Common Allegations above.

25. Defendant Rolston intended to cause this harmful and offensive contact.

26. The sexual abuse of Plaintiff by Rolston was accomplished under color of law and subjected and caused Plaintiff to be deprived of rights, privileges or immunities secured by the Eighth Amendment to the U.S. Constitution.

27. Repeated sexual abuse is not part of the penalty criminal offenders pay for their offenses against society and constitutes a cognizable claim of cruel and unusual punishment under the Eighth Amendment.

28. As a result of the sexual abuse of Plaintiff by Defendant Rolston, Plaintiff suffered physical trauma and invasion of her person, suffered and continues to suffer physical harm, emotional harm, anguish, insecurity, self-revulsion, damage to her self-esteem and self-worth, shame and humiliation.

   WHEREFORE, Plaintiff seeks relief as noted below.

## II.   Federal Tort Claims Act Claim as to the United States

29. Plaintiff is entitled to relief against Defendant, United States of America because it breached its duty of care to Plaintiff, an inmate in its care and custody, as more fully set out in the Common Allegations above, in that it negligently operated and managed FCI Tallahassee by:

    a. Hiring, retaining and entrusting Defendant Rolston who is, and was or should have been known to Defendant to be of such poor moral character, temperament, and disposition as to be unfit to be hired and retained as a medical provider with power over the Plaintiff.

    b. Failing to implement such policies and procedures for the operation and management of FCI Tallahassee as would reasonably protect Plaintiff and others detained or incarcerated in the corrections facility from Defendant Rolston or other predatory corrections facility employees.

    c. Failing to properly supervise, investigate, and review the operation and management of the corrections facility and the activities and performance of Defendant Rolston as an employee.

    d. Failing in the course of its investigation of the sexual abuse of other inmates to protect subsequent victims like Alexander.

    e. Failing in the course of its investigation of Rolston's sexual abuse of Alexander to protect other inmates abused by Rolston.

30. The negligence of Defendant United States of America was wrongful as a tort under the law of Florida and of the United States and without excuse or justification under any applicable state or federal statute or rule.

31. As a result of the wrongful acts of Defendant United States of America, Plaintiff suffered physical trauma and invasion of her person, suffered and continues to suffer great emotional harm, anguish, insecurity, self-revulsion, damage to her self-esteem and self-worth, shame and humiliation.

WHEREFORE, Plaintiff seeks relief as noted below.

### III.     Federal Tort Claims Act (Battery) as to Defendant United States

32. Plaintiff is entitled to relief against the United States of America because Defendant Rolston sexually battered her under the color of law, as more fully set out in the Common Allegations, above.

33. Defendant Rolston performed deliberate sexual acts on Plaintiff without her freely-given consent and such acts were wrongful as a tort under the law of Florida and of the United States and without justification or excuse under any applicable state or federal statute or rule.

34. In committing the abuse, Defendant Rolston was acting within the course

and scope of his employment with Defendant United States of America, using the powers given him by his employers.

35. As a result of the abuse by Defendant Rolston, Plaintiff suffered physical trauma and invasion of her person, suffered and continues to suffer great emotional harm, anguish, insecurity, self-revulsion, damage to her self-esteem and self-worth, shame and humiliation.

WHEREFORE, Plaintiff seeks relief as noted below.

## Prayer for Relief

WHEREFORE, the Plaintiff respectfully seeks judgment as follows:

A. That the Court assume jurisdiction over this action;

B. Declare that the acts and omissions described herein violated Plaintiff's rights under the Constitution and Laws of the United States and Florida;

C. Award compensatory damages against each of the defendants herein;

D. Award punitive damages against Individual Defendants under federal law;

E. Provide a trial by jury on all issues so triable;

F. Such further relief as the Court deems just and proper.

Respectfully Submitted,  s/James V. Cook_____
JAMES V. COOK, ESQ.
Florida Bar Number 966843
Law Office of James Cook
314 West Jefferson Street
Tallahassee, FL 32301
(850) 222-8080; 561-0836 fax
cookjv@gmail.com

RICHARD E. JOHNSON, ESQ.
Florida Bar Number 858323
Law Office of Richard E. Johnson
314 West Jefferson Street
Tallahassee, Florida 32301
(850) 425-1997; 561-0836 fax
richard@nettally.com

Attorneys for Plaintiff