IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CHARNESIA ALEXANDER,**

    **Plaintiff,**                          Case no.:  4:19-cv-00138-MW-CAS

v.

**UNITED STATES OF AMERICA and
PAUL ROLSTON,**

    **Defendants.**
_____/

## REPORT OF RULE 26 INITIAL CONFERENCE

1. Pursuant to Rule 26(f), Federal Rules of Civil Procedure, and paragraph (2)(a) of the Court's Initial Scheduling Order (ECF 6), counsel for the Plaintiff and Defendant, United States of America met telephonically on the 16th day of August, 2019, and conferred additionally by email thereafter.  James V. Cook and Richard E. Johnson, attorneys for the Plaintiff, and Winifred L. Acosta, attorney for Defendant, United States of America, participated in the telephone conference.

2. ***26(f)(3) Discovery Plan***.[1]  The parties jointly propose to the Court the following discovery plan:

---

[1] The United States wishes to adhere to the Initial Scheduling Order.

a. The parties will exchange the information required by Rule 26(a)(1), Federal Rules of Civil Procedure, within 14 days of the Rule 26 Conference.

b. Defendant, United States of America (hereinafter "Defendant USA") requests a discovery deadline of November 19, 2019. Plaintiff requests a discovery deadline of January 21, 2020.

c. The parties do not presently anticipate any exceptional issues regarding the discovery of electronically stored information and agree as follows:

i. The parties agree that production shall include data reasonably available in the ordinary course of business.

ii. If data beyond what is reasonably available to the parties in the ordinary course of business is to be sought, the cost and time required for its disclosure or production will be born by the requesting party.

iii. The parties agree to the exchange of documents and information in ".pdf" format except as otherwise noted herein. The exchange of information will take place by the production of optical discs (CD or DVD) containing .pdf copies of the produced material.

Alternatively, Defendant may also utilize its USA File Exchange system for production of documents.

  iv. Digital photographs shall be produced in .jpg, .bmp, or .tif format. Film photographs, if any, shall be produced in .pdf format. Alternatively, Defendant may also utilize its USA File Exchange system for production of documents.

  v. Reasonable measures have been taken to preserve potentially discoverable data from alteration or destruction in the ordinary course of business or otherwise.

 d. The parties agree that should either party inadvertently produce information deemed privileged by the producing party that information shall immediately be returned to producing party or otherwise treated according to the federal rules.

 e. The parties do not presently anticipate any exceptional issues regarding claims of privilege or protection as trial preparation materials. Further, the parties agree that the work product of counsel (post-complaint), and correspondence directly to or from counsel (post-complaint), shall not require logging on the parties' respective privilege logs.

  f. The taking of depositions shall be governed by the Federal Rules of Civil Procedure.

  g. Interrogatories, requests for admissions and requests for production are to be governed by the applicable Federal Rules of Civil Procedure and Local Rules of this Court. All responses thereto shall be made within thirty-five (35) days of service. Interrogatories shall be limited to twenty-five (25).

  h. After learning of additional information pertaining to the subject matter of a disclosure or discovery request, each party shall supplement their responses in accordance with the Federal Rules of Civil Procedure.

 3. ***26(a)(2) Expert Disclosures.*** Defendant USA proposes the Rule 26(a)(2) disclosures of Plaintiff's expert witnesses and their opinions shall be made on or before September 20, 2019; and Defendant USA's Rule 26(a)(2) expert witness disclosures shall be made by October 21, 2019. Plaintiff proposes the Rule 26(a)(2) disclosures of Plaintiff's expert witnesses and their opinions shall be made on or before November 20, 2019; and Defendant USA's Rule 26(a)(2) expert witness disclosures shall be made by December 21, 2019. The Government requests that only final reports of expert witnesses be discoverable. Plaintiff however, oppose this request.

4. *Nature and Basis of Claims.*

  a. **Plaintiff asserts that Defendant Rolston sexually abused prisoners at FCI Tallahassee by inappropriately, improperly, and unnecessarily performing putative exams and tests on them often without cross-gender chaperones, performing or simulating medical procedures for the purpose of sexual self-gratification and that Defendant United States received repeated notice of his wrongful actions and to the extent it responded, did so in a way that discouraged further complaints.**

  b. **Defendant, USA asserts that the United States' actions imported with state law and Federal law, and in no way, breached a legal duty, if any, owed to the Plaintiff. Plaintiff is unable to prove that the United States of America is liable for her negligence or battery claims. Plaintiff is therefore, not entitled to any relief whatsoever.**

  c. The principle factual and legal issues in dispute are:

    i. Whether Plaintiff's causes of action against the Defendant, United States of America, are cognizable under the FTCA?

      ii. Whether the Defendant, United States of America, breached any legal duty to the Plaintiff?

      iii. Whether the Defendant, United States of America's, actions was the proximate cause of the harm alleged by Plaintiff?

      iv. Whether Plaintiffs are entitled to any relief?

      v. All other issues raised in Plaintiffs' Complaint and Defendant's Answers and Affirmative Defenses.

**5.** ***Magistrate Jurisdiction.*** The parties have discussed the matter of magistrate judge jurisdiction over this case.

**6.** ***Settlement and Mediation.*** The likelihood of settlement in this case prior to, or at the expiration of the discovery period, is unknown at this time. Mediation, however shall be attempted by the parties after the substantial completion of discovery.

**7.** ***Trial.*** Defendant USA requests a trial to be set in January 2020, and estimates that a trial will take three to four days. Plaintiff requests a trial date in early April 2020, and anticipates the trial to last four days.

8.     *Other Items.*

a.     The parties do not request a discovery conference before the entry of the Court's next scheduling order.

b.     All amendments to the pleadings shall be done in accordance with the provisions of the Federal Rules of Civil Procedure.

c.     Dispositive motions shall be filed no later than 21 days following the close of discovery.

d.     Except as proposed above, all other provisions of the Court's initial Scheduling Order should remain in effect.

e.     This is not a case that should be made subject to the Manual of Complex Litigation.

f.     Discovery requests and responses may be served electronically.

Respectfully submitted this 29th day of August, 2019.

LAWRENCE KEEFE
United States Attorney

/s/ Winifred L. Acosta
WINIFRED L. ACOSTA
Assistant United States Attorney
Florida Bar No. 0076333
111 N. Adams Street, 4th Floor
Tallahassee, FL  32301
Telephone:  850-942-8430
Fax: 850-942-8448
Email:  winifred.acosta@usdoj.gov
Attorney for United States of America

/s/ James V. Cook
James V. Cook, Esq.
Florida Bar No.  966843
Law Office of James Cook
314 W. Jefferson Street
Tallahassee, FL  32301
Telephone: (850) 425-1997
Facsimile: (850) 561-0836
Email:  cookjv@gmail.com

/s/ Richard E. Johnson
Richard E. Johnson, Esq.
Florida Bar No.  858323
Law Office of Richard E. Johnson
314 W. Jefferson Street
Tallahassee, FL  32301
Telephone: (850) 425-1997
Facsimile: (850) 561-0836
Email:  richard@nettally.com
Attorney for Plaintiff