**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**CHARNESIA ALEXANDER,**

       *Plaintiff,*

**v.**                                 **CASE NO.  4:19cv138-MW/CAS**

**UNITED STATES OF AMERICA,
and PAUL ROLSTON,**

       *Defendants.*
_____/

**ORDER ON PLAINTIFF'S OBJECTION TO SUBPOENAS DIRECTED BY
THE UNITED STATES TO NON-PARTIES AND MOTION FOR
<u>PROTECTIVE ORDER AND/OR TO QUASH SUBPOENAS</u>**

This is an action arising from an alleged sexual battery of an inmate. Defendant United States ("the United States") intends to serve subpoenas on two non-parties, Tallahassee Memorial Hospital ("TMH") and Refuge House. Plaintiff objects to the subpoenas and moves to quash the subpoenas pursuant to Federal Rule of Civil Procedure 45 and/or for a protective order pursuant to Federal Rule of Civil Procedure 26. ECF No. 17.

This Court has considered, without hearing, Plaintiff's objection and motion for a protective order and/or to quash the subpoenas, ECF No 17, as well as the United States' response, ECF No. 20. For the reasons stated below, Plaintiff's motion is **GRANTED**.

# I

Plaintiff alleges she was a federal prisoner confined at Federal Correctional Institution (FCI) Tallahassee in Tallahassee, Florida. ECF No. 1 at ¶ 1. Plaintiff further alleges that on September 27, 2016, she was sexually battered by Paul Rolston, a physician's assistant employed by FCI Tallahassee. ECF No. 1 at ¶¶ 3–8. Plaintiff asserts a *Bivens* claim against Defendant Rolston for a violation of Plaintiff's Eighth Amendment rights and asserts claims under the Federal Tort Claims Act against the United States. *See* ECF No. 1. Plaintiff alleges she has "suffered physical trauma and invasion of her person, suffered and continues to suffer great emotional harm, anguish, insecurity, self-revulsion, damage to her self-esteem and self-worth, shame and humiliation" as a result of the alleged wrongful acts of the United States. ECF No. 1 at ¶¶ 31, 35.

The United States now seeks "all medical, billing, claim information, and insurance records relating to" Plaintiff from TMH and Refuge House. *See* ECF Nos. 17-1, 17-2. Plaintiff's objection and argument is, in short, that Plaintiff's medical records are either about emotional distress (in which case they are privileged) or about medical issues not related to Plaintiff's emotional distress (in which case they are irrelevant and trigger privacy concerns). *See* ECF No. 17 at 3.

<u>Refuge House Records</u>

This Court will first address the United States' subpoena of Plaintiff's medical records from Refuge House. The parties have not explained Refuge House's connection to this case. Based on this Court's independent research, it appears as though Refuge House is an organization that provides, *inter alia*, services and support to victims of sexual assault. *See* REFUGE HOUSE, https://refugehouse.com/ (last visited October 16, 2019). This Court is otherwise left to speculate as to why the United States has subpoenaed Refuge House. The United States has made no demonstration that Refuge House is relevant to the parties' claims or defenses, and this Court declines to authorize unfettered access to Plaintiff's medical records without some showing that the requested medical records are relevant.

Accordingly, Plaintiff's motion is **GRANTED** to the extent it seeks a protective order forbidding discovery of Plaintiff's medical records from Refuge House. The United States may file a motion for reconsideration of this order if it can demonstrate why Plaintiff's medical records from Refuge House fall within the scope of discovery as defined in Federal Rule of Civil Procedure 26(b)(1).

<u>Tallahassee Memorial Hospital Records</u>

Plaintiff represents that "at this point, it is unclear whether the TMH records include mental health records." ECF No. 17 at 12. However, Plaintiff explains that physicians in Florida often treat psychological illnesses and that the TMH records

3

may therefore contain at least some entries covered by the psychotherapist-patient privilege. *See* ECF No. 17 at 12–13. Plaintiff argues that she has not waived the psychotherapist-patient privilege because she has not put her mental condition in controversy. *See* ECF No. 17 at 6 ("Plaintiff is seeking only 'garden-variety' emotional distress damages in this case. . . . [T]he Plaintiff in this case is not one those [plaintiffs] who suffered extreme and disabling mental damage.").

The United States argues that Plaintiff has put her mental condition in controversy by alleging that she "has suffered and continues to suffer great emotional harm, anguish, insecurity, self-revulsion, damage to her self-esteem and self-worth, shame, and humiliation." ECF No. 20 at 9. The United States also argues that Plaintiff has put her physical condition at issue by alleging she has suffered "physical trauma."

This Court will first address the United States' argument that it is entitled to Plaintiff's medical records from TMH because Plaintiff has alleged she suffered "physical trauma." Plaintiff's claims arise from an alleged sexual battery. This Court interprets Plaintiff's allegation of "physical trauma and invasion of her person" to be a general allegation that she was sexually battered by Defendant Rolston. Absent some reason to believe that Plaintiff's medical records would demonstrate she was not sexually battered by Defendant Rolston, this Court finds that Plaintiff has not

4

put her physical condition in controversy such that the United States is entitled to examine Plaintiff's medical records.

This Court will next address the United States' argument that it is entitled to examine Plaintiff's medical records because Plaintiff has waived the psychotherapist-patient privilege by putting her mental condition in controversy. As this Court has explained, "[w]hat's discoverable depends on what's claimed." *Cameron v. Supermedia, LLC*, No. 4:15cv315, 2016 WL 1572952, at *3 (N.D. Fla. Apr. 19, 2016). "The critical inquiry is the nature and severity of the claimed emotional harm." *Id.* (quoting *Flowers v. Owens*, 274 F.R.D. 218 (N.D. Ill. 2011). While "[a] defendant is entitled to production of medical records that have a logical connection to the plaintiff's claims of injury," a defendant "is not automatically entitled to full disclosure of all plaintiff's medical records and unrestricted as to time or circumstance simply because some level of emotional distress is claimed." *Id.* (internal quotations and citations omitted).

"[T]o place a party's mental condition in controversy the party must allege a specific mental or psychiatric disorder or intend to offer expert testimony to support their claim of emotional distress." *Ortiz-Carballo v. Ellspermann*, No. 5:08-cv-165, 2009 WL 961131, at *2 (M.D. Fla. Apr. 7, 2009). On the other hand, when a plaintiff "only claim[s] the harm of negative emotions that she experienced essentially as the intrinsic result of the defendant's alleged conduct . . . . medical records concerning

other potential causes for emotional distress have only marginal relevance, if any, to the issue of damages." *Cameron*, 2016 WL 1572952, at *4 (internal quotations and citations omitted).

Here, Plaintiff has expressly limited her claim for emotional distress to the emotional harm intrinsic to the alleged sexual battery. *See* ECF No. 17 at 6. Therefore, Plaintiff's mental condition is not in controversy, and an inquiry into this realm of her privacy is irrelevant.

Importantly, this conclusion necessarily cuts both ways. Plaintiff will be precluded at trial from introducing the fact or details of her treatment; she may not offer evidence through any witness about symptoms or conditions that she suffered, and she will not be permitted to offer any evidence regarding a medical or psychological diagnosis. *Accord Cameron*, 2016 WL 1572952, at *6. In this way, the United States will not be sandbagged at trial or other stages of the litigation with alleged medical or emotional/mental damages which cannot be adequately probed through a medical records assessment.

For these reasons, Plaintiff's motion is **GRANTED** to the extent it seeks a protective order forbidding discovery of Plaintiff's medical records from TMH.

## II

Plaintiff seeks attorneys' fees and costs incurred in filing the motion. ECF No. 17 at 16. Federal Rule of Civil Procedure 37 permits such an award if a motion is

6

granted, unless "the opposing party's nondisclosure, response, or objection was substantially justified" or "other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(5)(A); *see also* FED. R. CIV. P. 26(c)(3) ("Rule 37(a)(5) applies to the award of expenses."). "A position is 'substantially justified' if it results from a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.' " *Se. Asset Recovery Fund GA-4, LLC v. Windolf*, 5:13cv222, 2016 WL 7655801, at \*1 (N.D. Fla. Apr. 21, 2016) (quoting *Pierce v. Underwood*, 487 U.S. 552 (1988)).

This Court finds that the parties' dispute over the subpoenas that necessitated Plaintiff's motion was "substantially justified." Accordingly, Plaintiff's request to award expenses is **DENIED**.

### III

For these reasons, Plaintiff's motion for protective order and/or to quash subpoenas, ECF No. 17,  is **GRANTED**.

**SO ORDERED on October 16, 2019.**

<u>**s/Mark E. Walker**</u>
**Chief United States District Judge**