UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHARNESHA ALEXANDER,

    Plaintiff,

v.                               Case No. 4:19-cv-138-MW-CAS

UNITED STATES OF AMERICA
and PAUL ROLSTON,

    Defendants.

_____/

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR LATE SUBMISSION OF EXPERT OPINION

Defendant, PAUL ROLSTON (ROLSTON), by and through his undersigned attorneys, hereby files his response in opposition to Plaintiff's Motion for Late Submission of Expert Opinion.

### INTRODUCTION

Plaintiff's Motion for Late Submission of Expert Opinion should be denied. The deadline for Plaintiff's expert disclosures pursuant to Rule (26)(a)(2) was, at the latest, November 20, 2019.[1] Plaintiff never served a Rule 26(a)(2) disclosure and then waited 80 days past this deadline to indicate for the first time a desire to use a

---

[1] In the Joint Report, the Plaintiff's attorneys and the USA attorneys proposed different expert disclosure deadlines. Plaintiff proposed later dates and specifically requested that her expert disclosures be made by November 20, 2019. (ECF No. 11, p. 4)

FILED USDC FLND TL
MAR 11 '20 PM3:49

FILED USDC FLND TL
MAR 11 '20 PM3:49

that his examination of the Plaintiff on September 27, 2016 was appropriate based on her complaints and presentation. (*See* Exhibit 2, Plaintiff's 9/27/16 Health Services Clinical Encounter.)[2]

On July 22, 2019 the Court entered an initial scheduling order (ECF No. 6), and on August 16, 2019, attorneys for the Plaintiff and USA filed a Joint Scheduling Report (ECF No. 11.) At the time, Rolston was *pro se*, had not responded to the Compliant, and did not participate in the Rule 26 conference. The Court entered a Scheduling and Mediation Order on September 6, 2019 adopting the deadlines agreed to by the attorneys in the Joint Scheduling Report. (ECF No. 13.) Pertinent to the issue before the Court, the Joint Report set the deadline for the Rule 26(a)(2) expert disclosures as follows:

> 3. *26(a)(2) Expert Disclosures.* Defendant USA proposes the Rule 26(a)(2) disclosures of Plaintiff's expert witnesses and their opinions shall be made on or before September 20, 2019; and Defendant USA's Rule 26(a)(2) expert witness disclosures shall be made by October 21, 2019. Plaintiff proposes the Rule 26(a)(2) disclosures of Plaintiff's expert witnesses and their opinions shall be made on or before November 20, 2019; and Defendant USA's Rule 26(a)(2) expert witness disclosures shall be made by December 21, 2019. The Government requests that only final reports of expert witnesses be discoverable. Plaintiff however, oppose this request.

(ECF No. 11, p.4.)

On October 24, 2019 Plaintiff filed a motion to file an Amended Complaint, which was subsequently granted. (ECF Nos. 25 and 27.) On October 25, 2019

---

[2] Exhibit 2 contains Plaintiff's confidential medical information and is filed under seal.

3

16(b)(4). Thus, a plaintiff seeking to take some action, particularly after the scheduling order deadline has passed, must demonstrate good cause. *See,* Fed. R. Civ. P. 16(b); *e.g., S. Grouts & Mortars, Inc. v. 3M Co.,* 575 F.3d 1235, 1241 (11th Cir. 2009); *Sosa v. Airprint Systems, Inc.,* 133 F.3d 1417, 1418 n.2 (11th Cir. 1998).

In addition, Rule 37 provides that if a party fails to provide information or identify a witness as required by Rule 26(a) "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, <u>unless the failure was substantially justified or is harmless</u>." Fed. R. Civ. P. 37(c) (emphasis added). The "burden of establishing that a failure to disclose was substantially justified or harmless rests on the nondisclosing party." *Mitchell v. Ford Motor* Co., 318 Fed. App'x. 821, 824 (11th Cir. 2009); *Avramides v. Liberty Mut. Fire Ins. Co.,* 2014 WL 202662 *4 (M.D. Fla. 2014).

To show "good cause" after a deadline has passed, a party must demonstrate that "the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa,* 133 F.3d at 1418. Lack of diligence precludes a finding of good cause. *Id.* (quoting Fed. R. Civ. P. 16 advisory committee's note and citing *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) in which the Court held that "if [a] party was not diligent, the [good cause] inquiry should end); *see also, S. Grouts,* 575 F.3d. at 1241, n.3, citing *Sosa,* 133 F.3d at 1418.

5

which was also produced to Plaintiff in discovery by Defendant USA, Plaintiff knew Rolston denied the allegations being asserted regarding the September 27, 2016 examination. (Exhibit 4, Rolston OIA Affidavit at ¶¶ 6-9.) Moreover, even assuming Plaintiff was not fully aware of that there would be a defense asserted to the claims, a simple discovery interrogatory asking Rolston for the basis for his medical examination and the reasons he denied committing sexual abuse would have elicited such information. Plaintiff could not have only recently discovered that there would be a vigorous defense to her allegations in this case. Plaintiff had full knowledge, or at least failed to seek information, that would have clearly explained Rolston's position that the medical examination of Plaintiff on September 27, 2016 was not inappropriate based on her presentation.

Plaintiff's position that she just learned through deposition questioning in the *Morton* case that Rolston would be defending against the allegations being made against him by this Plaintiff does not explain or justify failing to timely designate an expert in this case. Further, Plaintiff's characterization of the questioning at the depositions in the *Morton* case is also misplaced. Plaintiff introduced the issue of when and how vaginal examinations and PAP smears are properly performed in her initial complaint. Thus, Well-Women Examination is not a new concept or subject matter. Moreover, in the *Morton* case depositions cited by Plaintiff, there were only general deposition questions about BOP's preventative health guidelines, Well-

7

Plaintiff cannot to show "good cause" and more importantly, cannot meet her burden of establishing that a failure to timely disclose the proposed expert was substantially justified or harmless. Therefore, Plaintiff's motion for a late disclosure of an expert should be denied.

WHEREFORE, Defendant, PAUL ROLSTON, by and through his undersigned attorneys, respectfully request the Court deny Plaintiff's Motion for Late Submission of Expert Opinion.

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rules 5.1, 7.1 and 56.1, undersigned counsel certifies that this motion and memorandum of law consists of 1933 words and is typed in Times New Roman, font size 14.

Dated this 10th day of March 2020.

HENRY BUCHANAN, P.A.

*s/ J. Steven Carter*
J. STEVEN CARTER
Florida Bar No. 896152
scarter@henryblaw.com
MIRIAM R. COLES
Florida Bar No. 58402
mcoles@henryblaw.com
Post Office Drawer 14079
Tallahassee, Florida 32317-4079
(850) 222-2920: Telephone
(850) 224-0034: Facsimile
*Counsel for Defendant*