IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CHARNESIA ALEXANDER,**

    **Plaintiff,**

v.                                                    **Case No. 4:19cv138-MW/CAS**

**UNITED STATES OF AMERICA**
**and**
**PAUL ROLSTON,**

    **Defendants.**

_____/

**MOTION FOR PROTECTIVE ORDER**

Plaintiff Charnesia Alexander respectfully moves for protective order under Rule 26(c)(1)(a) to prevent the re-deposition of witness Michelle Morton who was recently deposed in a similar case in which she is the plaintiff, Case 4:18-cv-00177-RH-CAS, *Morton v. Rolston and USA*. Plaintiff alternatively moves that the Court rescind its order granting permission to depose Michelle Morton.

Defendant USA moved to depose Michelle Morton and Shonolyn Blevins in this case, ECF No. 55, duly reciting that Plaintiff opposed the deposition of Ms. Morton. However, before Plaintiff could file a response in opposition to the motion,

1

the Court granted the motion the same day.  ECF No. 56.

While Ms. Morton was an inmate at FCI - Tallahassee, she suffered sexual abuse in the course of medical examinations at the hands of Defendant Rolston.  She served out her sentence and sued Rolston and USA.  She was the first of a series of women filing these suits.  The instant case is the second.  The third will be filed in the next few days; the fourth in April.  Several others are in the administrative-exhaustion pipeline.

Upon her release, Ms. Morton moved to Bradford County, Florida.  There she was convicted of violation of probation and held in the county jail, awaiting re-sentencing to another stint in federal prison in an as-yet unknown facility.  During that time in Bradford County jail, lawyers for USA, for Rolston, and for Ms. Morton traveled to Starke and deposed Ms. Morton.  During an imprisonment in the FCI at Aliceville, Alabama, Ms. Morton and Ms. Alexander had discussed with each other their common experiences of sexual abuse in medical exams by Mr. Rolston in FCI - Tallahassee.  There was not a lot to tell.  When the parties deposed Ms. Morton on January 10, 2020, she recounted all she knew in Pages 152-153 of her deposition, which is attached hereto as the only exhibit.

Steve Carter, Rolston's lawyer in this case, served as the principal questioner of Ms. Morton.  Assistant U.S. Attorney Peter Fisher also questioned Ms. Morton on

behalf of the USA.  Though Mr. Fisher is not of record in the instant case, his co-counsel, Marie Moyle and Catherine Drey, are of record in both cases.  The cases have, for practical purposes been treated as related and overlapping by all the lawyers concerned.  There was nothing left out of the first deposition that could afford a fruitful avenue for a second deposition just a few weeks after the first.  In consultations on ECF No. 55 and on this motion, no reason has been offered other than a passing email observation by Ms. Moyle she has not deposed Ms. Morton yet.  But her co-counsel did – a seasoned and experienced lawyer.  Thus even though this is not technically a redeposition in the same case, functionally it is just that.

It is time to draw the line.  There are a lot of women bringing cases over the Rolston cycle of sexual abuse.  Most are similar-fact (or "me-too") witnesses in the cases of all the others.  Each one could be subjected to as many as eight to ten depositions – that is to the same deposition eight to ten times -- if USA chooses to depose each one in every case in which she is disclosed as Rule 26 "person with knowledge."

The two plaintiff's counsel in this case have practiced in this Court for three decades each and have handled FCI Tallahassee sexual abuse cases since the 1990s.  It has been our seasoned judgment that over past couple of months USA has pursued a strategy of taking such an unnecessary volume of depositions, many requiring air

3

travel, as to be a burden on us just for the sake of gaining a strategic advantage through placing time and expense demands on solo practitioners that will impair effective prosecution of the claims. The U.S. Attorney frequently complains of inadequate personnel, but has significantly overstaffed the two cases in this cycle in an apparent effort to run the opposition ragged. The re-deposition of Michelle Morton is but the most glaring example.

A plaintiff's deposition is the most stressful and perilous day of her entire case. She is center stage and the slightest mis-step can result in summary judgment or be twisted into a half-hour satellite interrogation. The stakes are high. Preparation for a prisoner is very difficult. Phone calls are monitored. Electronics are not allowed in visitation is difficult. Whatever is gained by the defendants in the similar-fact witness deposition can be used in the Plaintiff's own case. The proposed deposition is functionally a second deposition in her case.

These prison depositions were a burden even when necessary and even before the current limitations imposed by the Coronavirus. The security requirements deprive counsel of all electronic resources. The summoning of the inmate to the deposition creates a sensation among the other prisoners and brings disruption and injury to the inmate's already troubled daily routine. The officers are thrown into unfamiliar assignments and reminded that the deposed inmate is suing one of their

own and their employer. It seriously damages a prison inmate to be deposed. It may be a lark for a government attorney but it is no small matter for all others concerned.

It may well be necessary to take these matters one by one as they arise, but undersigned counsel think it is important to provide the court some context in the course of seeking relief in the form of a protective order prohibiting this one redeposition.

WHEREFORE Plaintiff respectfully moves that the court withdraw its order (ECF No. 56) allowing the deposition of Michelle Morton, or, alternatively that the Court grant a protective order barring that deposition.

## MEMORANDUM OF LAW

Fed.R.Civ.P. 26(c)(1)(a) provides that a court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," with respect to a deposition, and specifies that the relief may include "that the disclosure or discovery not be had."

## CERTIFICATE PURSUANT TO LOCAL RULE 7.1(B)

I HEREBY CERTIFY that I consulted with counsel for USA Marie Moyle and counsel for Paul Rolston, Steve Carter, and that both oppose this motion.

Respectfully submitted,

*/s/ Richard E. Johnson*

5

Richard E. Johnson
Florida Bar No. 858323
richard@nettally.com
Law Office of Richard E. Johnson
314 West Jefferson Street
Tallahassee, Florida 32301
850/ 425-1997
850/561-0836 facsimile

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all recipients in the case file of the court's CM/ECF system this 19th day of March, 2020.

*/s/ Richard E. Johnson*
Richard E. Johnson

## CERTIFICATE OF COMPLIANCE

Pursuant to Local rule 7.1(F), I hereby certify that this brief was prepared using proportionately spaced Times New Roman 14 point font and contains 1033 words in the pertinent sections.

*/s/ Richard E. Johnson*
Richard E. Johnson
