IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHARNESHA ALEXANDER,

    Plaintiff,                                    Case No. 4:19-cv-00138-MW/CAS

v.

UNITED STATES OF AMERICA
and PAUL ROLSTON,

    Defendants.
_____/

## UNITED STATES' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR PROTECTIVE ORDER

Defendant United States, hereby responds in opposition to Plaintiff, Charnesha Alexander's ("Plaintiff") Motion for Protective Order. [ECF No. 57]. Plaintiff cannot articulate any reasonable basis founded in law or in fact to prevent the United States from deposing Michelle Morton ("Morton") in this matter. Indeed, Plaintiff's argument hinges on the fact that Ms. Morton was deposed in a "similar case in which she is the plaintiff." [ECF No. 57, p. 1]. Courts have consistently rejected this argument. In support thereof, the United States states as follows:

### BACKGROUND

1.    Non-party witness Michelle Morton, filed suit against the United States of America and Paul Rolston in *Michelle Morton v. United States of America, et al.*, Case No. 4:18-cv-177-RH-CAS, pending in front of Judge Hinkle.

2. The pending allegations in the lawsuits are similar, but no party has moved to consolidate the lawsuits.

3. Counsel for Defendant Rolston is the same in both cases; Plaintiff's counsel also represents Michelle Morton, in Case No. 4:18-cv-177-RH-CAS.

4. In above-captioned matter, AUSAs Moyle and Drey noticed their appearances on January 15, and 17, 2020, respectively. [ECF Nos. 41, 44]. Previously, this case was handled by an AUSA who has now transferred divisions. AUSA Fisher has not appeared as defense counsel in this matter.

5. In Case No. 4:18-cv-177-RH-CAS, AUSA Fisher has litigated the case since its inception. AUSAs Drey and Moyle noticed their appearances on January 17 and 21, 2020, respectively. [ECF Nos. 35, 36].

6. Counsel for Defendant Rolston noticed Ms. Morton's deposition for January 10, 2020, in Case No. 4:18-cv-177-RH-CAS.

7. Counsel for Defendant Rolston primarily questioned Ms. Morton at her deposition. Based on the number of pages, AUSA Fisher questioned Ms. Morton for only ~14% of her deposition.

8. AUSAs Moyle and Drey were not present at that deposition and had not noticed their appearances in either case at the time of Ms. Morton's deposition.

9. Plaintiff's claim that "[t]he cases have, for practical purposes been treated as related and overlapping by all the lawyers concerned" is an invention of

2

her imagination. [ECF No. 57, p. 3]. Indeed, the judges in these cases have even reached different decisions on similar motions.[1]

10.    Defendant United States is committed to ensuring the safety of all persons involved in taking a deposition during this Covid-19 pandemic. Due to the current travel restrictions on the Department of Justice, the United States does not currently plan to depose Ms. Morton in person.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 26(b)(1) permits parties to "obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). In doing so, parties may depose any person, subject to certain exceptions. *See* Fed. R. Civ. P. 30(a)(1) and (a)(2). Plaintiff's Motion for Protective Order seeks to invoke protection for the "stressful and perilous" process of a plaintiff's deposition, rather than rely on legal arguments in support of her position. This is unsurprising, given the dearth of case law to support Plaintiff's argument—United States cannot depose Ms. Morton because she has already been deposed in a similar case.

---

[1] *See* Case No. 4:18-cv-177-RH-CAS, ECF No. 51, p. 3 ("This order reaches a different result on facts similar to those in *Alexander v. Rolston*, No. 4:19cv138 (N.D. Fla. Mar. 12, 2020). Matters committed to a court's discretion will sometimes be decided differently. That is the nature of discretion.").

Courts have routinely encountered this argument in deciding motions interpreting Rule 30(a)(2)(A)(ii), which requires leave of court to conduct a deposition if "the deponent has already been deposed in the case[.]" Fed. R. Civ. P. 30(a)(2)(A)(ii). Courts across the nation have continuously held that being subject to a deposition in one case is not grounds to prevent a deposition in a second separate case, *even if* the matters are related. As such, Plaintiff cannot rely on this argument in support of her Motion for Protective Order. *See Sea Chee Wei v. Rocky Point Int'l LLC*, Case No. 16-CV-1282-JPS, 2017 WL 7053821, at *1 (E.D. Wis. June 13, 2017) (rejecting the argument because the deponent was deposed in a "similar case in the Southern District of Texas involving the same parties and attorneys" that court authorization was required to take his deposition a second time); *Opperman v. Path, Inc.,* Case No. 13-cv-00453-JST, 2015 WL 5852962, at *2 (N.D. Cal. Oct. 8, 2015) (overruling the argument to prevent a second deposition from occurring even though a party was deposed in a prior related case); *American Airlines, Inc. v. Travelport Limited*, Case No. 4:11-CV-244-Y, 2012 WL 12884824, at *2 (N.D. Tex. Sept. 19, 2012) ("[T]he Court finds that this rule is only applicable when a party seeks to conduct a second deposition of the same witness in the exact **same** federal case. Sabre has not cited to any case law indicating that Rule 30(a)(2)(A)(ii) applies in cases where a party is seeking to depose a witness more than once due the fact that

there are two separate but related cases occurring in two different courts.") (emphasis in original).

Plaintiff's claim that, "even though this is not technically a redeposition in the same case, functionally it is just that," is not sufficient. [ECF No. 57, p. 3]. Again, Plaintiff relies on no case law to support her proposition, likely because this argument is consistently rejected. *See Lee v. United States*, Case No. 2:14–cv–0606–RCJ–PAL, 2016 WL 4521675, at *2 (D. Nev. Aug. 29, 2016) ("Plaintiff argues that Defendant should not be allowed to depose him because it already deposed him in the two prior cases that have been dismissed, which were based on the same claims and facts as this case. Plaintiff cites no relevant authority to support his argument that he cannot be deposed twice."); *Sea Chee Wei*, 2017 WL 7053821, at *1 ("Whatever degree of identity exists between the parties and claims in this action and the Texas proceedings, they are not the same case. . . . Likewise, whether Plaintiff's counsel 'contemplated' during the prior deposition that it would be used in other jurisdictions is of no moment. The language of the Rule is clear; there has been no deposition of Dag Dvergsten, individually or as corporate representative, in connection with this action.") (internal citation omitted). As such, this argument falls flat, particularly considering that counsel for the United States was not present at Ms. Morton's deposition in her own lawsuit.

5

Further, Plaintiff's counsel claims that "there is not a lot to tell" and as such, Ms. Morton should not be deposed. [ECF 57, p. 2]. Ms. Alexander herself, however, testified differently. In fact, she gave substantial details regarding their conversation, including that Ms. Morton stated, "he need[ed] to die." *See* Dep. of C. Alexander, attached as Exhibit A, pp. 60:15-69:19; 123:14-126:12, 223:24-225:19. Discovery is permitted into any nonprivileged matter that is "relevant to any party's claim or defense. . . ." Fed. R. Civ. P. 26(b)(1). It is unfathomable how a defendant could be limited in questioning a witness with knowledge of claims in a suit because that witness has voluntarily made herself a plaintiff in a separate, related suit.

Next, Plaintiff urges this Court to "draw the line" because there are "a lot of women bringing cases . . ." and "each one could be subjected to as many as eight to ten depositions[.]" [ECF No. 57, p. 3]. Defendant will note that it did not depose Ms. Alexander in Case No. 4:18-cv-177-RH-CAS, even though Ms. Alexander is listed on Plaintiff Morton's Rule 26 disclosures, because it is simply not the United States' practice to travel across the country to take unnecessary depositions in federal prisons. The United States, however, cannot make representations or stipulations about future strategy decisions based upon unknown lawsuits, with unknown claims, and unknown witnesses. *See Collins v. Progressive Mich. Ins. Co.*, No. 15-cv-13651, 2017 WL 1177684, at *2, (E.D. Mich. Mar. 20, 2017) (finding that absent

6

any indication the parties agreed to limit discovery, the fact that Dr. Perlman was twice deposed in the state court case did not constitute Dr. Perlman's third deposition "in this case").  The U.S. Attorney's Office's will not stoop to explain its staffing decisions in response to Plaintiff's criticisms about overstaffing "the two cases in this cycle," except to comment that serious accusations merit serious defense work.

Plaintiff's final argument in support of her Motion for Protective Order is that a plaintiff's deposition "is the most stressful and perilous day of her entire case" and that "[i]t seriously damages a prison inmate to be deposed." [ECF No. 57, pp. 4, 5]. Plaintiff also complains that prison depositions are a burden because they "deprive counsel of all electronic resources" and "officers are thrown into unfamiliar assignments." [ECF No. 57, p. 4].  Indeed, such considerations are why the Federal Rules require leave of court before deposing a person "confined in prison." *See* Fed. R. Civ. P. 30(a)(2)(B); ECF No. 56 (granting leave to depose Ms. Morton).  Further, Plaintiff's arguments that "summoning" an inmate to a deposition "bring's [sic] disruption and injury to the inmate's already troubled daily routine" is statement that is true for all deponents.  The United States notes that as a plaintiff in a civil matter, Ms. Morton is a *voluntary litigant*.  The discovery process is challenging for all parties involved, but it is part and parcel to availing oneself to federal court to seek a claim for relief.

WHEREFORE, Defendant requests the Court to enter an Order denying Plaintiff's Motion for a Protective Order and grant any other relief it deems just and proper.

Respectfully submitted,

LAWRENCE KEEFE
United States Attorney


*/s/ Marie A. Moyle*
Marie A. Moyle
Assistant United States Attorney
Florida Bar No.:  1003498
111 North Adams Street, 4th Floor
Tallahassee, FL  32301
Telephone:   (850) 942-8430
Facsimile:    (850) 942-8466
marie.moyle@usdoj.gov
Attorney for Defendant

## LOCAL RULE 7.1(F) CERTIFICATION

I HEREBY CERTIFY that this response contains 1,603 words.

## LOCAL RULE 5.1(F) CERTIFICATION

I HEREBY CERTIFY that Counsel for Plaintiff and Counsel for Defendant Rolston will receive a copy of this pleading via CM/ECF, this 27th day of March, 2020.

>                                  */s/ Marie A. Moyle*
>                                  Marie A. Moyle
>                                  Assistant U.S. Attorney