# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**CHARNESHA ALEXANDER,**

    **Plaintiff,**

**v.**                           **Case No. 4:19cv138-MW/CAS**

**UNITED STATES OF AMERICA
and PAUL ROLSTON,**

    **Defendants.**

_____/

## DEFENDANT, PAUL ROLSTON'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Defendant, PAUL ROLSTON (ROLSTON), pursuant to Local Rule 56.1(D), files his reply to Plaintiff's Response in Opposition to Motion for Summary Judgement as follows:

Plaintiff argues that she satisfied the exhaustion requirement of the Prison Litigation Reform Act (PLRA) by making a "verbal complaint" which she characterizes as an informal grievance that was subsequently investigated as part of a PREA[1] investigation. (ECF No. 88, pp. 1, 5 and 8). However, the undisputed record is clear that the only complaint made by Plaintiff was during the PREA investigation.

---

[1] PREA is the Prison Rape Elimination Act enacted in 2003 seeking to eliminate sexual assaults and sexual misconduct in correctional institutions.

Thus, Plaintiff has not properly exhausted her administrative remedies under the PLRA, and her *Bivens* claim against Defendant Rolston should be dismissed.

Plaintiff repeatedly and undisputedly testified in her deposition that except for the PREA interview with Special Investigator Ronald Proffitt and her related affidavit, she never made a complaint nor did she file any kind of grievance or administrative remedy request (informal, verbal, or otherwise) regarding the alleged sexual abuse by Defendant Rolston. Specifically, Plaintiff testified that she did not report the sexual abuse allegation, did not ask for the PREA investigation, did not know why she was being taken to Mr. Proffitt's office for an interview, and did not know who reported it or even how Mr. Proffitt came to find out about her allegations. (ECF No. 90-1, Plaintiff Depo. 105:14-106:15; 239:20-242:16) As she clearly confirmed in her deposition:

> Q.     … Other than the report that you told me about when you talked about it with Mr. Proffitt, it's correct that you haven't reported -- you haven't otherwise reported this incident, is that true and accurate?
>
> A.     Yes, it's true.

(ECF No. 90-1, Plaintiff Depo. 207:13-19)

Moreover, Plaintiff was also clear and repeatedly testified in her deposition that she never reported the alleged sexual abuse to any of the security officers and particularly she did not report it to Ms. Jackson, the officer in the Special Housing Unit that interacted with her immediately following the medical examination.

Q.    So she -- had you said anything at all in response to her [Ms. Jackson's] question?

A.    I never did respond to her.

Q.    And so she -- she told you that?

A.    She took the initiative to say that, and I still didn't say nothing to her.

(ECF No. 90-1, Plaintiff Depo. 101:21-102:1)

Q.    . . . I believe you testified earlier that Miss Jackson asked you if anything had happened, but you didn't -- didn't tell her about what had happened, is that correct?

A.    Correct.

Q.    So she doesn't -- you didn't actually report the incident to Miss Jackson, is that -- that's correct?

A.    That's correct.

(ECF No. 90-1, Plaintiff Depo. 162:22 -163:6)

Q.    I just want to clarify. Mr. Proffitt is not a security officer, isn't that correct?

A.    Yes.

Q.    And if I understood your testimony correctly earlier, you did not report it to security officers, --

A.    No, I didn't.

Q.    -- is that correct?

A.    That's correct.

Q.    But you did report it to Mr. Proffitt?

A.     Yes.

(ECF No. 90-1, Plaintiff Depo. 177:5-15)

Plaintiff was also was clear in her deposition that she never filed a grievance or request for administrative remedy related to the sexual abuse allegation or told anyone about the allegations that were the subject matter of the PREA investigation, except when she discussed the issues with Mr. Proffitt and signed the related affidavit after the interview. (ECF No. 90-1, Plaintiff Depo. 242:6-16) Therefore, the only "complaint" (verbal or otherwise) made by Plaintiff about the alleged sexual abuse was when she spoke with Mr. Proffitt as part of a PREA investigation.

PREA does not excuse an inmate's failure to exhaust her administrative remedies with respect to a claim of sexual abuse or sexual misconduct, and a plaintiff is still required to follow the process at 28 C.F.R. § 542.10, et seq. in order to bring a lawsuit on the matter.  "In other words, PREA complaints are not prison grievances for purposes of satisfying the administrative remedies requirement under PLRA." *Barringer v. Stanley*, 2017 WL 1028595 at *3 (W.D. N.C. 2017)

As referenced in the Rolston's Motion for Summary Judgement, numerous federal courts from around the country have held that PREA does not excuse an inmate's obligation to properly exhaust administrative remedies under the PLRA, including situations where an inmate's complaint of sexual abuse is made during the PREA investigation (ECF No. 86, pp. 9-11)

In *Barringer,* the plaintiff chose not to initiate the inmate Administrative Remedies Procedure (ARP) used by the North Carolina Department of Public Safety and instead filed a grievance based on the alleged sexual assault incident, which prison officials forwarded to the head of the Prison Rape Elimination Act of 2003. *Barringer,* 2017 WL 1028595 at * 3.  The district court dismissed plaintiff's § 1983 sexual assault claim because "Plaintiff's initiation of an action under PREA simply does not satisfy the requirements for exhaustion of administrative remedies under North Carolina's ARP. *Id.* The district court held that "PREA complaints are <u>not</u> prison grievances for purposes of satisfying the administrative remedies requirement of PLRA." *Id. (emphasis added)(citations omitted)*

In *Peace v. Kemper*, 2016 WL 5793689 (E.D. Wis. 2016), the plaintiff brought Eighth and Fourteenth Amendment claims alleging that his constitutional rights were violated when corrections staff spread information about a sexual assault the plaintiff reported. In response to a motion for summary judgment on the claims based on his failure to exhaust administrative remedies, plaintiff contended that he had exhausted his remedies in other ways by telling the defendants "as part of the PREA investigation that staff members told other inmates and staff members about his sexual assault and that he was being harassed as a result." *Id.* at * 5. The district court rejected plaintiff's argument that his verbal reports about his sexual assault and harassment made as part of a PREA investigation satisfied the exhaustion

requirement and held that the "plaintiff's statements during the PREA investigat[ion] do not constitute proper exhaustion." *Id.*

Plaintiff has cited the case of *Bolton v. U.S.*, 347 F. Supp. 2d 1218 (N.D. Fla. 2004) in her Response to justify her failing to properly exhaust administrative remedies. However, *Bolton* is distinguishable from this case. In *Bolton,* it was undisputed that the plaintiff sought an "informal resolution" by orally complaining about the corrections officer's alleged conduct. *Id.* at 1220. Unlike the instant case, the defendant did not contest the adequacy of the exhaustion of the "informal resolution" remedy but instead argued that the additional steps of the administrative remedy process should have been pursued to satisfy the exhaustion requirement. *Id.* The district court rejected the defendant's argument and since the officer resigned when confronted with the inmate's allegation made during the informal grievance, nothing more was required because she had achieved a favorable result of her informal oral complaint. *Id* at 1221.

Here, Plaintiff has repeatedly and clearly testified that she never engaged in the administrative remedy process (informal or otherwise), and that she never even told anyone about the allegation of sexual abuse until the PREA investigation had started. Accordingly, Plaintiff did not properly exhaust her administrative remedies relating to the alleged September 27, 2016 incident of sexual abuse which forms the basis of Plaintiff's *Bivens* action against Rolston. In fact, the undisputed record

evidence establishes just the opposite. Plaintiff did not verbally complain, did not file an informal grievance, and did not otherwise report the alleged abuse to anyone until the PREA investigation had started and she met with Investigator Proffitt. Plaintiff did not even initiate the PREA investigation and admitted that she "did not ask for this [the PREA investigation] to take place."  (ECF No. 90-1, Plaintiff Depo. 240:16-17)

As a result, Plaintiff has failed to properly exhaust administrative remedies under the PLRA, and thus, Count I of Plaintiff's Amended Complaint should be dismissed.

## CERTIFICATE OF WORD COUNT

Pursuant to Local Rules 5.1, and 7.1, undersigned counsel certifies that this response and memorandum of law consists of 1338 words and is typed in Times New Roman, font size 14.

Dated this 9th day of June 2020.

HENRY BUCHANAN, P.A.


*s/ J. Steven Carter*
J. STEVEN CARTER
Florida Bar No. 896152
scarter@henryblaw.com
MIRIAM R. COLES
Florida Bar No. 58402
mcoles@henryblaw.com
Post Office Drawer 14079
Tallahassee, Florida 32317-4079
(850) 222-2920: Telephone
(850) 224-0034: Facsimile
*Counsel for Defendant*


## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed via the CM/ECF, which automatically provides electronic documentation/notification of this filing to all attorneys of record, on this this 9th day of June 2020.

*s/J. Steven Carter*
Attorney