# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### TALLAHASSEE DIVISION

CHARNESHA ALEXANDER,

     Plaintiff,

v.

UNITED STATES OF AMERICA and
PAUL ROLSTON,

     Defendants.

Case No. 4:19-cv-138-RH-MAF

## PLAINTIFF'S OBJECTIONS TO MOTION FOR COSTS
## BY DEFENDANT PAUL ROLSTON

COMES NOW, Plaintiff CHARNESHA ALEXANDER, through counsel, and submits these objections to Defendant PAUL ROLSTON's Motion for Costs seeking seek **$8,366.14**. Plaintiff objects to the taxation of costs in general and to that amount as excessive. Plaintiff's objections should be sustained because Defendants seek costs not recoverable under 28 U.S.C. §1821, §1920 or §1921, and because Plaintiff's case is only one of multiple cases for which Defendant Rolston prepared. The requested costs should not be granted.

## MEMORANDUM OF LAW

### I.   Costs Should Not Be Awarded

Although there is a presumption for awarding certain costs to prevailing parties, the Federal Rules of Civil Procedure explicitly leave the issue to the discretion of the District Court. "The Court has the discretion to award those costs

1

specifically enumerated in 28 U.S.C. § 1920. *Crawford Fitting Co. v. J.T. Gibbons,*
*Inc.*, 482 U.S. 437, 440-44, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987). The Court,
however, may not tax as costs any items not authorized by statute" (*Monelus v.*
*Tocodrian, Inc.,* 609 F. Supp. 2d 1328, 1333 (S.D. Fla. 2009).

The trial court should exercise its discretion in assessing whether costs
should be assessed against a non-prevailing party at all. "Section 1920 enumerates
expenses that a federal court may tax as a cost under the discretionary authority
found in Rule 54(d). The discretion to tax costs is phrased permissively because
Rule 54(d) generally grants a federal court discretion to refuse to tax costs in favor
of the prevailing party*" (Crawford Fitting Co. v. J. T. Gibbons*, Inc., 482 U.S. 437,
441-42, 107 S. Ct. 2494, 2497, 96 L. Ed. 2d 385 (1987).

Another factor the Court may consider is the indigency of the Plaintiff.
*Badillo v. Cent. Steel & Wire Co*., 717 F.2d 1160, 1165 (7th Cir. 1983); *Rivera v.*
*City of Chicago*, 469 F.3d 631, 634-635 (7th Cir. 2006). Charnesha Alexander has
been in prison since 2015 and is currently on house arrest with only a few modest
possessions of no calculable value.

## II.    Costs Claimed Are Excessive

The costs sought are excessive in that some costs are not taxable. Not every
cost associated with litigation is taxable under 28 U.S.C. § 1920.  The statute limits
recovery of costs to the following specific items:

1. Fees of the clerk and marshal;
2. Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
3. Fees and disbursements for printing and witnesses;
4. Fees for exemplification and copies of papers necessarily obtained for use in the case;
5. Docket fees under Section 1923 of the Title; and
6. Compensation for court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under Section 1828 of this Title.

## A. Fees of the Court Reporter for Transcript Costs

Defendants seek $7,090.65 in their bill of costs for "necessary" transcripts. Whether costs for a deposition are taxable depends on whether the deposition was wholly or partially "necessarily obtained for use in the case." *U.S. E.E.O.C. v. W&O, Inc,* 213 F.3d 600, 621 (11th Cir. 2000) (quoting *Newman v. A.E. Staley Mfg. Co.,* 648 F.2d 330, 337 (5th Cir. 1981). "[W]here the deposition costs were incurred for other reasons or merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Goodwall Const. Co. v. Beers Const. Co.,* 824 F.Supp. 1044, 1066 (N.D.Ga.1992). A party's transcription costs must be reasonably necessary to litigation of case. *In re Williams Securities Litigation-WCG Subclass*, 558 F.3d 1144 (Cir. 10 Okla. 2009).

These Deposition costs were set forth in the Defendants' Bill of Costs:

| Date | Deponent | Charges | Extras |
|------|----------|---------|--------|
| 2020 0221 | Beth Farber | $981.25 | $70.00 |
| 2020 0226 | Charnesha Alexander | $1224.05 | $45.00 |

| | | | |
|---|---|---|---|
| 2020 0309 | Ashley Barnett, | $552.75 | $00.00 |
| 2020 0309 | Connie Batchelor | $206.25 | $00.00 |
| 2020 0312 | Kalena Winston | $189.75 | $00.00 |
| 2020 0312 | Daphne Rodriguez | $156.75 | $00.00 |
| 2020 0331 | Paul Rolston | $590.25 | $50.00 |
| 2020 0409 | Shondolyn Blevins | $647.60 | $311.60 |
| 2020 0420 | JoAnn Bellamy | $333.00 | $45.00 |
| 2020 0420 | Jamelia Nix | $321.00 | $45.00 |
| 2020 0420 | Gabrius Mitchell | $446.60 | $206.00 |
| 2020 0424 | Patricia Cleary | $357.00 | $45.00 |
| 2020 0424 | Wendy K. Johnson | $221.00 | $45.00 |
| 2020 0427 | Elizabeth D. Tucker | $864.00 | $45.00 |
| | **TOTAL** | **$7091.25** | **$907.60** |

The statute, 28 USC 1920, speaks of "fees for printed or electronically recorded transcripts necessarily obtained for use in the case." Any extra costs for transcripts ordered including condensed transcript fees, processing & compliance fee and shipping costs are non-taxable. Most of the above depositions were done by Esquire and included a $20.00 fee for a condensed transcript, a $25.00 "Processing & Compliance" fee, totaling $45.00 extra. The Farber deposition also included a $25.00 FedEx shipping fee. The Rolston deposition (by Phipps) included a $35.00 "E-Litigation" package and $15.00 to hyperlink exhibits to the transcript. The Blevins deposition included a $35.00 "Digital Transcript PDF-PTX" fee, a $20.00 condensed transcript fee, a $30 "Processing & Compliance" fee, a $25.00 FedEx shipping fee, and a $201.60 "5-day Expedite" fee, for a total of $311.60 in extra charges. The Mitchell deposition included the same extra charges as Blevins but the "7-day Expedite" fee was only $96.00 for a total $206

in extras. Altogether, the extra charges totaled $907.60. Thus, the taxable

deposition costs could not have been more than **$6,183.65**.

But the depositions were taken in preparation for two other cases involving

the same defendants, the cases of *Michelle Morton v. United States, et al.*, and

*Ashley Barnett v. United States, et al.* Both were settled by Defendants on

February 18, 2021, while *Alexander v. United States, et al.*, continued to trial on

September 13, 2021. The court may apportion costs "between the prevailing and

non-prevailing parties as it sees fit." *Ferguson v. Bombardier Services Corp.,*

8:03-CV-1380-T-30, 2007 WL 601921 (M.D. Fla. Feb. 21, 2007). Since the

depositions related to all the cases, and two of the cases were settled, it appears

that the costs of the depositions should be equally divided among the three cases,

so that only one-third of the cost of the depositions should devolve on Plaintiff

Alexander. Thus, the one-third cost of the depositions would be **$2,061.22**.

It would be possible, as an alternative means of separating the role of the

depositions in preparing for the three cases, to note the references made to each

of the three plaintiffs in the course of the depositions. For instance, Beth Farber's

deposition was taken for the *Michelle Morton v. USA and Paul Rolston case*. In

Beth Farber's deposition, Alexander was mentioned twice (P 154), Barnett was

mentioned five times (P 154, 156, 160) and Morton was mentioned six times (P

4, 86, 166, 173, 195), it appears that Plaintiff was of lesser interest than the other

Plaintiffs (had only 15% of the mentions). Given deposition costs of **$911.25**, Plaintiff Alexander would be responsible for only **$136.69.**

The Ashley Barnett deposition was taken for the *Michelle Morton v. USA and Paul Rolston case*. In the Barnett deposition, Alexander was mentioned once (P 147) in comparison to the five times Morton was mentioned (P 4, 17, 78, 147, 157). Connie Batchelor's deposition was taken for the *Michelle Morton v. USA and Paul Rolston case*. Batchelor's deposition mentioned Alexander's name once (P 57) in comparison to Morton's name mentioned five times (4, 5, 57, 65, 66), and five mentions of Barnett (P 8, 50, 54, 56, 60). The Batchelor deposition was ordered alongside three other depositions totaling **$1,105.50.** The printing rate was **$2.75** per page, and the Batchelor deposition was 75 pages. As such, the cost of the Batchelor deposition should be **$206.25**. Alexander would be responsible for 17% of the total costs, in relation to her mentions. This means Alexander would owe **$35.06** out of the taxable cost.

Daphne Rodriguez deposition was taken for the *Michelle Morton v. USA and Paul Rolston case*. In Rodriguez' deposition, Alexander is never mentioned while Barnett is mentioned eight times (P 33, 34, 35, 39, 51, 52, 53), and Morton is mentioned six times (P 4, 38, 52). The Rodriguez deposition was ordered alongside three other depositions totaling **$1,105.50.** The printing rate was **$2.75** per page, and the Rodriguez deposition was 57 pages. As such, the cost of the

Rodriguez deposition should be **$156.75**. Since Alexander is never mentioned, if costs were based on mentions, Alexander would owe **$0.00** of the taxable cost.

Overall, Plaintiff Alexander was clearly of less interest than the other plaintiffs in the preparation of this case. There are undoubtedly other ways of sharing costs, including ways that result in a far smaller share for Alexander, but a formula of one-third to Alexander, **$2,061.22**, is acceptable. Plaintiff does not oppose the **$381.91** witness fee figure, so the total would be **$2,683.13**.

## B. Fees for Summons and Subpoenas

Defendant seeks to tax **$893.58** for service of process. In each case, process was served on a premium, "RUSH" basis. Moreover, some subpoena invoices included overnight shipping costs. Actual vs. standard costs are:

| DATE | SERVICE | ACTUAL | STANDARD |
|------|---------|--------|----------|
| 2021 0819 | Service of process, Dorinda Paynter | $65.00 | $40.00 |
| 2021 0819 | Service of process, Harold White | $65.00 | $40.00 |
| 2021 0819 | Service of process, Laura Preston | $75.00 | $40.00 |
| 2021 0819 | Service of process, Joann Holoka | $156.32 | $40.00 |
| 2021 0819 | Service of process, Leticia Davis | $110.00 | $00.00 |
| 2021 0819 | Service of process, Jalandrian Reed | $131.13 | $40.00 |
| 2021 0901 | Service of process, Leticia Davis | $85.00 | $40.00 |
| 2021 0903 | Service of process, Jalandrian Reed | $75.00 | $00.00 |
| 2021 0909 | Service of process, Jalandrian Reed | $131.13 | $00.00 |
| | **TOTAL** | **$893.58** | **$240.00** |

Moreover, the repeated non-service of Leticia Davis and former employee Jalandrian Reed show a want of diligence. Davis, who was a current employee, was served at an address where she had not been for a year. After initial non-

service of Jalandrian Reed, Defendant waited 15 days to try to serve her again and another six days before he tried a third time. According to the invoices, Reed was never served. Standard service costs of **$240.00** would be proper.

## C. Ruling should be delayed

Plaintiff is appealing the judgment. If the Court anticipates ruling that costs should be imposed, the Court has discretion to defer its ruling until after a final disposition of the case. *See American Infra-Red Radiant Co. v. Lambert Industries, Inc.*, D.C.Minn.1966, 41 F.R.D. 161 (D.C. Minn. 1966) (Where losing party in patent infringement case had petition for certiorari pending before United States Supreme Court, district court in exercise of its discretion would grant continuance of taxation of costs pending disposition of petition for certiorari). It would not make sense to grant costs to Defendant when the costs would have to be disgorged if Plaintiff prevailed.

## D. Conclusion

For the reasons stated above, the costs of **$8,366.14** should be DENIED, but if any costs are to be granted, they should not exceed **$2,683.13,** and any cost issues should be resolved post appeal.

| | |
|---|---|
| Respectfully Submitted, | *s/James V. Cook* |
| | JAMES V. COOK, FBN 0966843 |
| | Law Office of James Cook |
| | 314 West Jefferson Street |
| | Tallahassee, Florida 32301 |
| | (850) 222-8080; 561-0836 fax |

| | cookjv@gmail.com |
|---|---|

I CERTIFY the foregoing was filed electronically on 10/18/21 to counsel of record registered to be notified by the CM/ECF electronic mail system.

_s/James V. Cook_